# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

WILLIE MURRY MUHUMMAD
ADC #97878                                                                                  PLAINTIFF

V.                          CASE NO. 5:13-CV-00361 DPM/BD

WHITTY EVANS, et al.                                                                 DEFENDANTS

## PARTIAL RECOMMENDED DISPOSITION

**I**.     **Procedure for Filing Objections:**

The following Partial Recommended Disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**II.     Discussion:**

Plaintiff Willie Muhummad, an inmate at the Varner Supermax Unit ("VSM") of the Arkansas Department of Correction ("ADC"), filed this action pro se under 42 U.S.C. § 1983, alleging that Defendants acted with deliberate indifference to his medical needs and retaliated against him.  Mr. Muhummad has now moved for preliminary injunctive relief.  (Docket entry #7)

In his motion, Mr. Muhummad requests a Court order transferring him to a more secure unit so that he will not be subject to further physical abuse.  He alleges that in December 2013, an ADC officer (not a party to this lawsuit) choked him with a chain.  In addition, he complains that several days after that incident, another ADC officer (not a party to this lawsuit) refused to complete Mr. Muhummad's paperwork regarding an alleged hunger strike.  Mr. Muhummad also alleges that ADC officers created a substantial risk of harm when they allowed another inmate access to his cell, and that another ADC officer admitted that he attempted to assault Mr. Muhummad with a nightstick.

The Defendants have responded to Mr. Muhummad's motion denying these allegations and offering a variety of documents in support of their position.  (#23) The Court recommends that Mr. Muhummad's motion (#7) be DENIED.

First, Mr. Muhummad is not entitled be housed in any particular ADC unit. *Olim v. Wakinekona*, 461 U.S. 238, 245–48, 103 S.Ct. 1741 (1983)).  Further, based on the

papers attached to the Defendants' response, it appears that Mr. Muhummad's claims may lack merit. Even assuming that Mr. Muhummad's allegations are true, however, there is no indication that he has faced any harm since he submitted his motion nearly six weeks ago. As a result, the Court cannot conclude that he is threatened with imminent, irreparable harm. And without that threat, the Court cannot issue a preliminary injunction. *Mid-Am. Real Estate Co. v. Iowa Realty Co.*, 406 F.3d 969, 977 (8th Cir. 2005). "Possible harm" is not enough to support preliminary injunctive; rather, there must be an actual threat of harm. *Randolph v. Rodgers*, 170 F.3d 850, 857 (8th Cir. 1999) (citing *Dataphase Sys. v. C.L. Sys.*, 640 F.2d 109, 113 (8th Cir. 1981)).[1]

### III.  Conclusion:

The Court recommends that Mr. Muhummad's motion for preliminary injunctive relief (#7) be DENIED.

DATED this 10th day of February, 2014.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Mr. Muhummad submitted an affidavit to the Court in January of 2014. (#17) He complains of suffering mentally, but he does not include any facts to support a finding of an actual threat of harm.